

4UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 15  A 9: 47

US DISTRICT COURT
HARTFORD CT

LOUISE SEPKOWSKI           :
    Plaintiff,        :
                :
V.                         :      CASE NUMBER:  3:02CV02025 (TPS)
                :
HOSPITAL OF SAINT RAPHAEL, :
    Defendant.        :      October 15, 2003

## JOINT TRIAL MEMORANDUM

Pursuant to the Scheduling Order in the above matter, the Plaintiff, Louise Sepkowski, and the Defendant, Hospital of Saint Raphael, hereby submit their Joint Trial Memorandum:

1.  **Trial Counsel:**

    For Plaintiff:

        John R. Williams, Esq.
        Williams & Pattis, LLC
        51 Elm Street, Suite 409
        New Haven, CT 06510
        Telephone:    (203) 562-9931
        Fax:         (203) 776-9494

    For Defendant:

        Edward M. Richters (ct08043)
        Jackson Lewis LLP
        55 Farmington Avenue, Suite 1200
        Hartford, CT 06106
        Telephone:    (860) 522-0404
        Fax:         (860) 247-1330

2.    **Jurisdiction:**    The basis for jurisdiction in this matter is the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and pendent jurisdiction over the state law claims under Section 46a-60(a)(1) of the Connecticut General Statutes

3.    **Jury/Non-Jury:**    This case is to be tried to a jury.

4.    **Length of Trial:**    It is anticipated that the Plaintiff's case will take two (days) and the Defendant's case will take two (2) days of evidence.

5.    **Further Proceedings:**    At this time, the parties do not foresee the necessity of any further proceedings prior to trial.

6.    **Nature of Case:**

a.    **Plaintiff's Claims:**

The plaintiff was a dedicated 38-year veteran employee of the defendant. She rose through the ranks to a supervisory position with substantial responsibilities, always receiving evaluations far above the average and devoting countless hours of her own time to the defendant's needs and concerns. At the age of 58, without warning, she was terminated with only four days to clear her desk. Since her termination, her duties have been divided up among younger employees. The defendant's actions violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and the Connecticut Fair Employment Practices Act, Sections 46a-58(a), 46a-60(a)(1) and 46a-100 of the Connecticut General Statutes.

**b.    Defendant's Position:**

It is the Defendant's position that the Plaintiff's age was not a factor in any employment decision and that all employment decisions relating to the Plaintiff were made for legitimate, non-discriminatory reasons related to a reorganization of her department.

7.    **Trial by Magistrate:**    The parties have agreed to a trial by a Magistrate Judge, and the case has been assigned to Magistrate Judge Thomas P. Smith.  The parties elect to have any appeal heard by the Court of Appeals.

8.    **List of Witnesses:**

**A.    Plaintiff's Witnesses**

1.    The Plaintiff:  The plaintiff will testify regarding every allegation in her complaint, including damages as well as liability issues.

2.    Wanda Finer:  Age discrimination by defendant against plaintiff; her age; comparative qualifications; job responsibilities.

3.    Lida Tapolis:  Age discrimination by defendant against plaintiff; her age, comparative qualifications; job responsibilities.

4.    Jeff Brangi:    Age discrimination by defendant against plaintiff; his age; comparative qualifications; job responsibilities.

5.    Joseph Pajor:  Plaintiff's qualifications and the age discrimination perpetrated by the defendant.

6.    James Rude:   Plaintiff's qualifications and the age discrimination perpetrated by the defendant.

7.    David Chamberlin:    Defendant's pattern of age discrimination.

8.    John Inserra:    Defendant's pattern of age discrimination.

9.    Rick Lazarski:    Defendant's pattern of age discrimination.

10.    Nicholas Mule:    Defendant's pattern of age discrimination.

11.    Thomas Reid:    Defendant's pattern of age discrimination.

12.    John Vigent:    Defendant's pattern of age discrimination.

13.    Clara Tate:    Defendant's pattern of age discrimination.

**B.    Defendant's Witnesses**

1.    David Benfer:    The rationale for retaining Stockamp & Associates and implementation of Stockamp & Associates' recommendations, including restructuring of the revenue cycle process and procedures at the Hospital.

2.    Robert Haley:    The rationale for retaining Stockamp & Associates and implementation of Stockamp & Associates' recommendations, including restructuring of the revenue cycle process and procedures at the Hospital.

3.    Stephen McPherson: Financial planning operations at the Hospital; the rationale for retaining Stockamp & Associates and implementation of Stockamp & Associates' recommendations, including restructuring of the revenue cycle process and procedures at the Hospital.

4.    Katherine Buckley:    Financial planning operations at the Hospital; the rationale for retaining Stockamp & Associates and implementation of Stockamp & Associates'

recommendations, including restructuring of the revenue cycle process and procedures at the Hospital.

5.    Lida Topalis:  Her employment with the Hospital, including her responsibilities in Patient Accounting, and overall operation of Patient Accounting and related departments or processes.

6.    Wanda Finer:    Her employment with the Hospital, including her responsibilities in Patient Accounting, and overall operation of Patient Accounting and related departments or processes.

7.    Jeff Brangi:    His employment with the Hospital, including his responsibilities in Patient Accounting, and overall operation of Patient Accounting and related departments or processes.

8.    Laura Milano: Her employment with the Hospital and assumption of various computer liaison functions.

9.    Ronald Steger:  The rationale for retaining Stockamp & Associates and implementation of Stockamp & Associates' recommendations, including restructuring of the revenue cycle process and procedures at the Hospital.

10.    Michael Berthuime: The Plaintiff's employment by Mason Health Care.

11.    Peggy Dillinger: Personnel, and organizational changes in the Plaintiff's department, and Plaintiff's employment.

12.    Carol Resnick: Personnel, and organizational changes in the Plaintiff's department, and Plaintiff's employment.

13.     Michael Dimenstein: Personnel, and organizational changes in the Plaintiff's department, and Plaintiff's employment.

14.     Kathleen Fornal: Personnel, and organizational changes in the Plaintiff's department, and Plaintiff's employment.

15.     Joyce Koczak: Personnel, and organizational changes in the Plaintiff's department, and Plaintiff's employment.

16.     Gary Brudnicki:    The rationale for retaining Stockamp & Associates and implementation of Stockamp & Associates' recommendations, including restructuring of the revenue cycle process and procedures at the Hospital.

17.     Lorin Martin, of Stockcamp & Associates: Stockamp & Associates' study and evaluation and it's recommendations, as well as implementation of restructuring of the revenue cycle process and procedures at the Hospital, and dealings with the Plaintiff.

18.     Genivive Giltner, of Stockcamp & Associates: Stockamp & Associates' study and evaluation and it's recommendations, as well as implementation of restructuring of the revenue cycle process and procedures at the Hospital, and dealings with the Plaintiff.

19.     Meg McKay, of Stockcamp & Associates: Stockamp & Associates' study and evaluation and it's recommendations, as well as implementation of restructuring of the revenue cycle process and procedures at the Hospital, and dealings with the Plaintiff.

9.    **Exhibits:**

A.    **Plaintiff's Proposed Exhibits**

1     Plaintiff's resume

2        Plaintiff's application for employment

3        Plaintiff's job reference check

4        Plaintiff's employment record with defendant

5        Employment and Change Form (8/14/67)

6        Employment and Change Form (12/4/67)

7        Employment and Change Form (2/29/68)

8        Employment and Change Form (8/6/68)

9        Personnel Action Request (7/28/69)

10       Letter from Catalano to Clerk of Superior Court (2/6/86)

11       Employee Master Sheet (10/1/91)

12       Letter from Cullen to plaintiff (12/21/93)

13       Memo from Pajor to plaintiff (1/25/95)

14       Letter from Cullen to plaintiff (12/23/96)

15       Personnel Action Request (4/3/78)

16       Personnel Action Request (3/21/80)

17       Personnel Action Request (10/13/80)

18       Personnel Action Request (10/22/80)

19       Personnel Action Request (10/13/81)

20       Personnel Action Request (10/8/82)

21    Personnel Action Request (10/7/83)

22    Personnel Action Request (10/11/83)

23    Personnel Action Request (3/1/84)

24    Personnel Action Request (10/1/84)

25    Personnel Action Request (11/5/85)

26    Employee Master Sheet (10/1/86)

27    Employee Master Sheet (10/1/87)

28    Employee Master Sheet (10/1/88)

29    Employee Master Sheet (6/1/89)

30    Employee Master Sheet (10/1/89)

31    Employee Master Sheet (10/1/90)

32    Employee Master Sheet (10/1/92)

33    Human Resource Profile (10/1/93)

34    Human Resource Profile (12/1/94)

35    Human Resource Profile (12/1/95)

36    Human Resource Profile (12/1/96)

37    Human Resource Profile (12/1/97)

38    Human Resource Profile (12/1/98)

39    Human Resource Profile (12/1/99)

40      Patient Accounting Director job description

41      Director, Patient Accounts job description

42      Manager, Patient Accounts job description

43      Supervisor, Patient Accounting job description

44      Memo from Koczak to Haley (6/12/00)

45      Patient Accounting Structure (Proposed)

46      Personnel Manual Policy No. K:2 (Effective 11/1/00)

47      Personnel Manual Policy No. K:5 (Effective 1/25/95)

48      Personnel Manual Policy No. K:6 (Revised 9/1/99)

49      Patient Accounting Accomplishments – 1992)

50      10/81 Exempt Appraisal Form

51      1982 Exempt Appraisal Form

52      10/1/83 Exempt Appraisal Form

53      9/30/84 Exempt Appraisal Form

54      9/30/85 Exempt Appraisal Form

55      9/87 Exempt Appraisal Form

56      10/1/88 Exempt Appraisal Form

57      9/30/89 Exempt Appraisal Form

58      9/30/90 Exempt Appraisal Form

59    10/91 Exempt Appraisal Form

60    9/92 Exempt Appraisal Form

61    9/93 Exempt Appraisal Form

62    Key Results Areas and Objectives 1993-1994

63    9/94 Exempt Appraisal Form

64    11/30/95 Exempt Appraisal Form

65    11/30/96 Exempt Appraisal Form

66    11/30/97 Exempt Appraisal Form

67    11/30/98 Performance Evaluation

68    11/30/98 Performance Review

69    12/99 Performance Evaluation

70    General Release and Separation Agreement

71    Statement of Earnings and Deductions dated 7/14/00

72    Statement of Earnings and Deductions dated 8/11/00

73    Memo from Larsen to Reznik (7/21/00)

74    Yale-New Haven Pay Improvement Fact Sheet (10/1/00)

75    Health Services Corp. Direct Deposit Statement (7/5/01)

76    Masonicare Employment Agreement (10/11/01)

77    Masonicare Direct Deposit Statement (2/20/03)

78    Plaintiff's 2000 W-2 Forms

79    Plaintiff's 2000 Form CT-1040

80    Plaintiff's 2001 W-2 Forms

81    Plaintiff's 2001 Form CT-1040

82    EEOC Notice of Right to Sue

83    CHRO to Plaintiff (5/17/01)

84    CHRO Release of Jurisdiction

**B.    <u>Defendant's Proposed Exhibits</u>**

1.    Resume - Lolita Sepkowski

2.    Annual Compensation Program - Lolita Sepkowski, effective Oct. 1, 2000

3.    Flex Plan Confirmation Report - Lolita Sepkowski – 12/1/2000

4.    Revenue Cycle Reengineering Assessment by Stockamp & Associates, January 2000

5.    Memorandum to Robert Haley, dated June 12, 2000, Re: New Position Evaluation

6.    Position Specifications – Manager, Patient Accounts

7.    Form CT-1040, 2001  Lolita Sepkowski

8.    2000 W-2   Lolita Sepkowski

9.    2001 W-2   Lolita Sepkowski

10.    Form CT-1040  Lolita Sepkowski

11.    Hospital of St. Raphael Check to Lolita Sepkowski, dated 8/11/2000

12.    Masonicare check to Lolita Sepkowski , dated 2/20/03

13.    Meeting the Challenge, August 1999

14.    Meeting the Challenge, September1999

15.    Meeting the Challenge, November 1999

16.    Meeting the Challenge, February 2000

17.    Meeting the Challenge, April 2000

18.    Meeting the Challenge, June 2000

19.    Meeting the Challenge, November 2000

20.    Patient Revenue Department 4/01 Org Chart

21.    Executive Update – May 11, 2000

22.    Executive Update – May 23, 2000

23.    Executive Update – 6-14-2000

12.    **Stipulations as to Law and Fact:**

    A.    **Stipulations as to Law**    None.

    B.    **Stipulations as to Fact**    None.

13.    **Trial to Court/Jury:**

    a.    **Court:**    Not applicable.

**b.**     __Jury__:

**1.**     __Proposed Voir Dire Questions__:   The parties' respective proposed voir dire questions are attached hereto at Appendix A and Appendix B.

**2.**     __Proposed Jury Instructions__:    The parties' respective proposed jury instructions are attached hereto at Appendix C and Appendix D.

**11.**     __Anticipated Evidentiary Problems/Motions In Limine__:    At this time, the parties are unaware of any evidentiary issues that may result in a motion in limine.

```
                              PLAINTIFF,
                              LOUISE SEPKOWSKI


                         BY:

                              JOHN R. WILLIAMS (ct00215)
                              Williams and Pattis, LLC
                              51 Elm Street
                              New Haven, CT 06510
                              203.562.9931
                              Fax:  203.776.9494
                              E-Mail:  jrw@johnrwilliams.com

                              Date:  October 14, 2003
```

DEFENDANT,
HOSPITAL OF ST. RAPHAEL,

By: _____

Edward M. Richters (ct08043)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06106
(860) 522-0404

Date: October 13, 2003

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LOUISE SEPKOWSKI     :
    Plaintiff,      :
            :
V.           :   CASE NUMBER:  3:02CV02025 (DJS)
            :
HOSPITAL OF SAINT. RAPHAEL, :
    Defendant.    :   October 15, 2003

## APPENDIX A
## DEFENDANT'S  PROPOSED VOIR DIRE

Defendant hereby proposes, pursuant to Rule 47 of the Federal Rules of Civil Procedure and this Court's Scheduling Order, that the following questions be used during the voir dire examination of prospective jurors prior to trial.

GENERAL

1. Do any of you feel that jury duty will create a financial hardship for yourself or your family?  If so, please explain.

2. In the trial of this case, all parties are entitled to have the case decided on the basis of the evidence presented at trial.  Is there any reason why any of you might not be able to render a fair verdict?

3. Your duty will be to listen to the testimony.  At the conclusion of the testimony, the Court will instruct you as to what the law is and will charge you to apply those principles of law to the case before you.  Do you feel confident that you would be able to follow

the court's instructions on the law even if you disagree with the law?  If any of you do not, please let me know.

### KNOWLEDGE OF THE PARTIES AND COUNSEL

4.    Do you or, to your knowledge, does any member of your immediate family, know the plaintiff, Ms. Louise Sepkowski, who may also be known as Lolita Sepkowski?

5.    If your answer to the preceding question is yes, what is the nature of your relationship or association?  Would any such relationship or association prevent you from rendering a fair and impartial verdict?

6.    Do you, or does any member of your family, have any relationship with the Hospital of Saint Raphael - such as patient or an employee or a business relationship with the Hospital?   Have you or any members of your family ever any such relationship with the Hospital in the past?

7.    If your answer to the preceding question is yes, what is the nature of that relationship or interest?  Would any such relationship or interest prevent you from rendering a fair and impartial verdict?

8.    Do you know any of the proposed witnesses in this case?  If so, how do you know the individual?  Do you have any feelings or opinions about such individuals?

9.    Do you know any of the attorneys involved in this case, namely Edward Richters of the law firm of Jackson Lewis, or John Williams, of Williams & Pattis, or any member of their respective law firms?

### EMPLOYMENT BACKGROUND

10.    If you were unemployed at any time, please indicate when and for how

long.  Was your unemployment voluntary or involuntary?  Was it the result of a company reorganization or layoff?

11.    Are you a member of a union or have you or someone close to you ever been a member of a union?

12.    Are you a union official or steward or have you or someone close to you ever been a union official or steward?

13.    If so, would such a fact prevent you from rendering a fair and impartial verdict?

GENERAL FEELINGS CONCERNING THE CASE AND THE PARTIES

A.    FEELINGS FOR THE PLAINTIFF

14.    Have you ever been terminated from any employment?  Why?

15.    Has anyone close to you ever been terminated from his or her employment as the result of a reorganization, layoff or any other reason?

16.    If so, will you be able to separate out any feelings of sympathy that you may have for Ms. Sepkowski and decide the case on the facts -- without sympathy or compassion for Ms. Sepkowski and without prejudice against the Hospital of Saint Raphael?

B.    FEELINGS ABOUT CORPORATIONS OR HOSPITALS

17.    Do you have any personal feelings against corporations or hospitals?  Can you be as fair and impartial to a corporation or hospital as to an individual?

3

18.    Do you have any feeling or belief which would prevent you from rendering a verdict in favor of a corporation or hospital and against an individual based solely on the fact that one party is a corporation or hospital and the other an individual?

19.    Do you have any feeling or belief which would prevent you from rendering a verdict in favor of a corporation or hospital and against an individual who has alleged age discrimination?

20.    Do you think you would be inclined to find the Hospital of Saint Raphael liable and award money damages simply because you believe the Hospital has the resources to pay?

## EMPLOYMENT RELATED MATTERS

21.    Have you or anyone close to you ever had any training in personnel or employment matters?  If so, what kind of training?

22.    Have you or anyone close to you ever been employed in the human resources or personnel office of a company?  If so, in what capacity?

23.    Have you or anyone close to you ever owned or operated a business in which you or that person employed other people?

24.    Have you or anyone close to you supervised other employees?

25.    Do you or your spouse have any involvement with the implementation of employment policies in your current position?  In prior positions?

26.    Have you or anyone close to you had to evaluate other employees or criticize their work?  In writing, or just orally?

4

27.    Have you or anyone close to you been responsible for hiring or firing other employees or selecting them for various positions?  In what jobs and under what circumstances?

28.    Have you, or has any member of your family or any person close to you, ever been criticized about their job performance?  If so, please explain.

29.    In the course of your job, have you ever had to make a tough decision that affected other employees?

30.    Have you received evaluations of your work performance from your supervisor?  Have you considered some of these evaluations to be unfair to you for any reason?

31.    Have you ever had a bad experience with an employer or supervisor regarding decisions affecting you such as promotions, demotions, performance rating, or other personnel decisions?

32.    Do you believe that an employer or supervisor treated you or someone close to you unfairly?  If so, what made you feel this way?

33.    Do you believe that employees generally are abused or taken advantage of by their employers?

34.    Do you believe that you have ever been picked on by a supervisor for any reason?

## JURORS' EXPERIENCE WITH DISCRIMINATION CLAIMS

35.    Have you, your spouse or any member of your family, or any of your close friends, ever been  discriminated against at work because of your age or any other reason? If so,

    a.    **Who?**

    b.    **Who discriminated against him or her?**

5

c.      **What was the name of the employer?**

d.      **Please describe what you believed to be discrimination.**

e.      **Was an internal complaint made at work regarding the discrimination? If so, what happened?**

f.      **Did the individual bring any proceedings against the employer, e.g., a grievance, complaint or lawsuit, to challenge the discriminatory act? If so, what was the outcome of the action?**

g.      **How do you feel about what happened?**

36.     This is a case involving claims of alleged age discrimination. Do you assume that if someone is claiming that they were discriminated against, that it must be true?

37.     Have you ever been involved in the investigation of a claim of discrimination?

38.     As jurors in this action, you will be asked to consider the motivation of Ms. Sepkowski's superiors, for their actions, not their business judgment. Do you understand that as jurors in this action, even if you were to believe that Ms. Sepkowski's supervisors made decisions with which you might not agree or which you might feel was poor or questionable business judgment, you cannot find in favor for Ms. Sepkowski, unless she has proven her claim of age discrimination by a preponderance of the evidence (which I will define for you at the close of the case).

39.     Do you think for any reason that there is widespread age discrimination in the workplace? Why do you think that?

40.     Would you entertain any prejudice against the Hospital of Saint Raphael or sympathize with the Ms. Sepkowski because she claims she was discriminated against because of her age?

LAWSUITS

41.    Do you have any friends or relatives who have brought lawsuits or claims against employers? If so, how would that effect your feelings about this case?

42.    Do you have any friends or relatives who have brought lawsuits or claims against a doctor or a hospital?  If so, how would that effect your feelings about this case?

43.    Have you ever been a party to or a witness in a lawsuit?  If so, please describe the lawsuit and your role in it?

44.    Have you, or has any member of your family or any person close to you, ever filed a charge of discrimination with a federal or state agency?  If so, please explain.

UNDERSTANDING OF LEGAL PROCESS

45.    Is there anyone here who believes that just because Ms. Sepkowski filed a lawsuit, she is entitled to recover something?

46.    Do you understand that Ms. Sepkowski's case is put on first?  Are you confident that you will be able to reserve judgment on this case until you have heard both sides of this case?

47.    Do you as jurors understand that merely because Ms. Sepkowski has filed this lawsuit it does not mean that the Hospital of Saint Raphael has done anything wrong or violated some legal rights of Ms. Sepkowski?

48.    Do you understand that Ms. Sepkowski is required to prove by a preponderance of the evidence that some legal right has been violated and that it is not up to the Hospital of Saint Raphael to disprove the claims of Ms. Sepkowski?  Do you understand that Ms. Sepkowski has to do something more than merely accuse the Hospital of wrongdoing?

49.    If you are selected as a juror, would you require Ms. Sepkowski to prove her case by a preponderance of the evidence?

50.    Will you be able to follow the court's instruction that Ms. Sepkowski must prove that her employment would not have been terminated but for her age?

## OPINIONS ABOUT LEGAL SYSTEM

51.    Do you have any opinions about the legal system that would prevent you from being a fair and impartial juror in this case?

## BELIEFS AND PREFERENCES

52.    Do you have any preference as to the outcome of this trial?

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LOUISE SEPKOWSKI                    :

VS.                                 :        NO. 3:02CV2025(TPS)

HOSPITAL OF ST. RAPHAEL             :        OCTOBER 15, 2003

### PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

1.  This is a lawsuit for age discrimination brought by a former employee of the Hospital of St. Raphael in New Haven. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.  Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against those they believe to be responsible? If so, please explain.

4.  Have you or has anyone close to you ever been the victim of employment discrimination?

5.  Have you or anyone close to you ever lost a job for reasons you considered to be unfair?

6.  Has anyone here or any close to you ever been employed by an attorney?

7.  Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

8.  Does anyone here believe that allegations of employment discrimination should be treated less seriously than other kinds of illegal activity?

9. Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with discrimination in employment or elsewhere?

10.  Does anyone here believe that the laws which prohibit discrimination on the basis of age should be repealed or not enforced?

11.  Is there anyone here who would refuse to return a verdict in favor of the plaintiff even if she proved her case?

12.  Have you, or has anyone close to you, ever been a party to a lawsuit?  If so, please explain.

13.  Where are you employed?

14.  If you are married, where is your spouse employed?

2



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LOUISE SEPKOWSKI          :
         Plaintiff,          :
         :
V.          :        CASE NUMBER: 3:02CV02025 (DJS)
         :
HOSPITAL OF SAINT. RAPHAEL,          :
         Defendant.          :        October 15, 2003

## APPENDIX C
## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The Defendant, Hospital of Saint Raphael, proposes that the jury receive the following jury instructions, subject to amendment based upon rulings by the Court concerning various claims.

## REQUEST TO CHARGE 1

## ROLE OF JUDGE/ROLE OF JURY

Ladies and gentlemen of the jury, you have listened to the evidence and to the arguments of counsel, and it is now time to listen to me as I charge you on the law that applies to this dispute.

You as the jury and I as the judge have two separate functions. It is your function to find what the facts are in this case; with respect to the facts, you and you alone are charged with that responsibility. My function is to instruct you as to the law to be applied to the facts that you find in order to decide this case. With respect to the law, what I say to you is binding upon you and you must follow my instructions.

I do not have any preference as to the outcome of this case. I have not meant to convey by facial expression or tone of voice or in any other way at any time during the trial any preference or inclination as to how you should decide the facts, and you should not make any such interpretations. If, in my instructions to you, I refer to one party more than the other, or do anything that in your mind suggests a preference for one side or the other, it is not done on purpose. My task has been to apply the rules of evidence and to instruct you as to the law. It is for you alone to decide on the outcome of this case.

Source:    Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §70.06 (4th ed. 1987).

**REQUEST TO CHARGE  2**

**DUTY TO FOLLOW THE LAW**

It is your duty to follow my instructions and conscientiously apply the law as I give it to you to the facts as you find them in order to arrive at your ultimate verdict.  If you should have a different idea of what the law is or even what you feel it ought to be, you must disregard your own notions and apply the law as I give it to you.  The parties are counting on having their claims decided according to particular legal standards that are the same for everyone, and those are the standards I will give you and that you must follow.  If what counsel said about the law differs from what I tell you, you will dismiss from your minds what they may have said to you.  You must decide this case based only on the law that I furnish to you and on the basis of <u>all</u> of the law as I give it to you regardless of the order of my instructions.  You must not single out any particular instruction or give it more or less emphasis than any other, but rather must apply all of my instructions on the law that apply to the facts as you find them.

Source:    Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §71.01 (4th ed. 1987).

## REQUEST TO CHARGE  3

## ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A hospital, like Hospital of Saint Raphael, , is entitled to the same fair trial at your hands as private individuals, like Ms. Sepkowski. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice. You should not decide that Hospital of Saint Raphael engaged in any wrongdoing because it is a corporation, instead of an individual like Ms. Sepkowski, or decide that monetary damages should be awarded because "companies can afford them" or because people believe that companies act in a certain way. Ms. Sepkowski must prove her case by a preponderance of the evidence. Hospital of Saint Raphael and Ms. Sepkowski are both  entitled to a fair trial.

Source:    Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (4th Ed.)
§71.04 (4th ed. 1987).

## REQUEST TO CHARGE  4

## UNANIMOUS VERDICT

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Source:    Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §74.08 (4th
           ed. 1987).