## REQUEST TO CHARGE   5

### PREPONDERANCE OF THE EVIDENCE

In this case, the burden of proving the case is on Ms. Sepkowski.  She must prove every essential element of her claims by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in this case means that Ms. Sepkowski must produce in your mind a belief that what she seeks to prove is more likely true than not true.  Ms. Sepkowski cannot almost prove her claims.  She must prove every element by a preponderance of the evidence.  Sympathy or assumptions cannot replace proof or evidence.

If the proof should fail to establish any essential element of Ms. Sepkowski's claims by a preponderance of the evidence in this case, you must find for Hospital of Saint Raphael and as to that claim.  If you find that the evidence is equal, then Ms. Sepkowski has not proved her case by a preponderance of the evidence and you must find for Hospital of Saint Raphael.


Sources:    Mathes, Jury Instructions and Forms for Federal Rules, 28 F.R.D. 401 §2.01 (1961).
Nissho-Iwai Co. v. M/T Stolt Lion, 719 F.2d 34, 38 (2d Cir. 1983).
Burka v. New York City Transit Authority, 739 F. Supp. 814, 843, n. 23 (S.D.N.Y. 1990).

## REQUEST TO CHARGE  6

## "IF YOU FIND" OR "IF YOU DECIDE"

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Source:    Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions (4th Ed.) §72.01 (4th ed. 1987).

## REQUEST TO CHARGE  7

## EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, state of mind, and demeanor or manner while on the stand.  Ask yourself, what does this witness stand to gain or lose.  Consider the witness' ability to observe the matters as to which she or she has testified, and whether she or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently.  Innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source:     Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §73.01 (4th ed. 1987).

## REQUEST TO CHARGE  8

## IMPEACHING WITNESSES

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to disregard such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily, intentionally and not because of mistake or accident or other innocent reason.

Source:    Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §73.04 (4th ed. 1987).

## REQUEST TO CHARGE  9

## RULINGS ON OBJECTIONS TO EVIDENCE

You have heard objections to certain questions and exhibits during the trial.  There are rules of evidence governing testimony and other evidence.  It is the duty of attorneys to object when the other side seeks to offer testimony or other evidence which they believe is not properly admissible.

When the Court has sustained an objection to a question or exhibit, you, as jurors, must disregard the question or evidence.  Sustaining an objection means that the question should not be asked or answered.  You cannot draw any inference from the wording of such a question or speculate what the witness would have said if permitted to answer.  Asking a question to which an objection was sustained does not presume that the answer would favor the party asking the question.   No inference should arise about possible answers.

You may also not speculate as to the contents of any exhibit to which an objection has been sustained.  If I have ordered evidence stricken from the record, you may not consider such evidence in your determination of the matters at issue.

Source:      O'Malley, Grenig and Lee, Federal Jury Practice and Instructions §101.49 (2000). (modified)

## REQUEST TO CHARGE 10

## AGE DISCRIMINATION

The law protects employees from discrimination in any term or condition of employment because of their age. Ms. Sepkowski claims that she was terminated from her position with Hospital of Saint Raphael because of her age. The law provides a three-step analysis with respect to proving age discrimination. I will instruct you as to each prong of this three-part analysis.

The first prong of the test is known as a prima facie case. Ms. Sepkowski must prove, by a preponderance of the evidence, a prima facie case of age discrimination. If Ms. Sepkowski fails to prove a prima facie case, then you must find for Hospital of Saint Raphael.

If Ms. Sepkowski can prove a prima facie case then, for the second prong, Hospital of Saint Raphael must articulate a non-discriminatory reason for its conduct. It is not a matter of agreeing or disagreeing with Hospital of Saint Raphael's stated reasons; Hospital of Saint Raphael merely must offer an explanation.

Next, the law requires Ms. Sepkowski to prove, by a preponderance of the evidence, that the reason offered by Hospital of Saint Raphael is not true and that the reason is a "pretext" for intentional and purposeful age discrimination. The ultimate burden of producing evidence of age discrimination is Ms. Sepkowski's. It is Ms. Sepkowski who must prove that Hospital of Saint Raphael's stated reason is a pretext and that the Hospital actually was motivated by purposeful age discrimination. The sole question to be decided is whether the Hospital's actions were taken because of Ms. Sepkowski's age rather than some other reason.

Sources:    Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 143 (2000).
            St. Mary's Honor Center v. Hicks 509 U.S., 592 (1993).
            Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).

Fiher v. Vassar College, 114 F.3d 1332 (2d Cir. 1997).
Woroski v. Nashua Corp., 31 F.3d 105, 110 (2d Cir. 1995).

## DEFENDANT'S REQUEST TO CHARGE  11

## PROVING A PRIMA FACIE CASE OF
## AGE DISCRIMINATION

To establish a prima facie case that Hospital of Saint Raphael discriminated against Ms. Sepkowski because of her age, Ms. Sepkowski must prove facts sufficient to create an initial inference age discrimination. She does this by proving all of the following elements by a preponderance of the evidence:

1.    she belongs to a protected class;

2.    she was qualified to perform the job at issue;

3.    she was subjected to an adverse employment action; and

4.    the employment action occurred under circumstances giving rise to an inference of age discrimination.

In this case, the first element, whether Ms. Sepkowski belongs to a protected group, is not contested by the parties, nor is the fact that her employment was terminated in July 2000. Therefore, you should concentrate on the other elements.  Ms. Sepkowski claims that she was qualified for the job at issue, and also claims that the termination of her employment occurred under circumstances giving rise to an inference of age discrimination.

If you find that Ms. Sepkowski has failed to prove any of these elements, you must find in favor of Hospital of Saint Raphael.  If, however, you find that Ms. Sepkowski has proven these elements by a preponderance of the evidence, you may not automatically find for Ms. Sepkowski.  You must next consider the Hospital's reasons for terminating the employment of Ms. Sepkowski.

Sources:     29 U.S.C. §§621 et. seq.
Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 143 (2000).
St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).
Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).
McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 804 (1973).
Fiher v. Vassar College, 114 F.3d 1332 (2d Cir. 1997).
McLee v. Chrysler Corp., 109 F.3d 130 (2d Cir. 1997).
Thornley v. Penton Publishing, Inc., 104 F.3d 26, 29 (2d Cir. 1997).
Robinson v. Overseas Military Sales Corporation, 21 F.3d 502, 508 (2d Cir. 1994).
Spence v. Maryland Casualty Co., 995 F.2d 1147 (2d Cir. 1993).
Hollander v. American Cyanamid Co., 895 F.2d 80 (2d Cir. 1990).
Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 464 (2d Cir. 1989).
Haskell v. Kaman Corp., 743 F.2d 113, 119 n.1 (2d Cir. 1984).
Henderson v. Center for Community Alternatives, 911 F. Supp. 689, 700 (S.D.N.Y. 1996).

## **REQUEST TO CHARGE  12**

## **LEGITIMATE REASONS AS TO AGE DISCRIMINATION CLAIM**

If, and only if,  you find that Ms. Sepkowski has proven the four elements of her *prima facie* case by a preponderance of the evidence, you must next consider whether Hospital of Saint Raphael has articulated a reason, other than Ms. Sepkowski's age, for the Hospital's decision to terminate her employment.  Ms. Sepkowski claims that this employment action occurred under circumstances giving rise to an inference of age discrimination.  Hospital of Saint Raphael is only required to articulate a non-discriminatory reason for  the Hospital's decision.

Hospital of Saint Raphael is not required to prove the Hospital's stated reason or reasons by a preponderance of the evidence.  In addition, it is not necessary that the Hospital's non-discriminatory reasons be correct or for a good reason.

An employer has the right to make business decisions for a good reason, a bad reason, or no reason at all.  All the law prevents is intentional age discrimination. The fact that you may disagree with the Hospital's non-discriminatory reasons for terminating Ms. Sepkowski's employment is not sufficient reason to disregard or discredit the Hospital's non-discriminatory reasons.  You may not find that the decision is unlawful just because you may personally disagree with the Hospital's stated reasons or because you personally believe the decision was harsh or unreasonable, as long as the Hospital did not make the decision because of Ms. Sepkowski's age.

In other words, even if you were feel that you would have taken a different approach to dealing with the reorganizational issues that the Hospital was confronted with,  you may not find the Hospital of Saint Raphael liable for discrimination unless you also find that Ms.

Sepkowski proved by a preponderance of the evidence that the Hospital's decision was motivated by Ms. Sepkowski' age rather than some other reason.

Sources:     St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).
Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).
Holt v. KMI-Continental Inc., 95 F.3d 123 (2d Cir. 1996).
Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 464 (2d Cir. 1989).
Haskell v. Kaman Corp., 743 F.2d 113, 119 n.1 (2d Cir. 1984).
Geller v. Markhan, 635 F.2d 1027 (2d Cir. 1980), cert denied, 451 U.S. 945 (1981).
Getschmann v. James River Paper Co., Inc., 822 F. Supp. 75 (D. Conn. 1993), aff'd, 7 F.3d 221 (2d Cir. 1993).
Henderson v. Center for Community Alternatives, 911 F. Supp. 689, 700 (S.D.N.Y. 1996).
Spence v. Maryland Casualty Co., 803 F. Supp. 649 (W.D.N.Y. 1992), aff'd, 995 F.2d 1147 (2d Cir. 1993).

## REQUEST TO CHARGE 13

## PROVING PRETEXT OF AGE DISCRIMINATION

If you find that Hospital of Saint Raphael has provided a reason unrelated to Ms. Sepkowski's age for the termination of her employment, you must find for Hospital of Saint Raphael and the Hospital, unless you conclude that Ms. Sepkowski has proven, by a preponderance of the evidence, that the reason offered by Hospital of Saint Raphael for the Hospital's decision was a pretext for discrimination. To prove pretext, Ms. Sepkowski must prove that Hospital of Saint Raphael has lied about the Hospital's reasons for the employment decision at issue. At all times in your deliberations, you should remember that Ms. Sepkowski always bears the ultimate burden of proving that the Hospital intentionally discriminated against her because of her age.

Even if you were to find Hospital of Saint Raphael's reasons to somehow be pretextual, the law simply permits you to draw an inference of discrimination. It does not require you to draw an inference of discrimination, if you conclude that Ms. Sepkowski has not proven that she was discriminated against on the basis of her age.

Sources:    Reeves v. Sanderson Plumbing Products, Inc., 530 U.S.133, 143 (2000).
St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).
Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).
Schnable v. Abramson, 2000 U.S. App. LEXIS 27945 (2d. Cir. 2000).
Fiher v. Vassar College, 114 F.3d 1332 (2d Cir. 1997).
Woroski v. Nashua Corp., 31 F.3d 105, 108 (2d Cir. 1994).

## REQUEST TO CHARGE   14

## GOOD FAITH BELIEF IS ALL THAT IS REQUIRED

The Hospital's reasons for terminating Ms. Sepkowski's employment cannot be considered a pretext if the Hospital had an honest belief that the facts upon which Ms. Sepkowski's supervisors based its decision were true.  Neither Ms. Sepkowski's perception of her job performance or her subjective belief that she was discriminated against is important for your determination.  Therefore, if you conclude that the Hospital honestly believed that the facts upon which Ms. Sepkowski's supervisors based the employment decisions at issue were true, you must return a verdict in Hospital of Saint Raphael's favor.

Sources:    Thornley v. Penton Publishing, Inc., 104 F.3d 26, 29 (2d Cir. 1997).
Combs v. Meadowcraft, Inc., 106 F. 3d 1519 (11th Cir. 1997) (disagreement regarding the wisdom of an employer's business decision does not, without more, create a basis to disbelieve an employer's explanation regarding that decision).
Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir. 1986) (plaintiff's subjective personal judgments regarding her own competence insufficient as a matter of law to establish employer's legitimate non-discriminatory reason -- her relative competence compared to more qualified employee retained -- was a pretext).
Elliott v. Group Medical & Surgical Service, 714 F.2d 556, 567 (5th Cir. 1983), cert. denied, 467 U.S. 1215 (1984).
Turner v. Texas Instruments, Inc., 555 F.2d 1251, 1256 & n.6 (5th Cir. 1977) (court held supervisor's belief regarding discharged employee's violation of company rules was wrong, but only relevant question was whether supervisor truly believed the violation occurred).
Aguliaro v. Brooks Brothers, Inc., 927 F. Supp. 741, 747 (S.D.N.Y. 1996).

## REQUEST TO CHARGE  15

## DEFENDANT'S BUSINESS JUDGMENT NOT ON TRIAL

Having reviewed the parties' relative burdens of proof as to Ms. Sepkowski's age discrimination claim in a general manner, there are a number of specific considerations which you should keep in mind when you retire to the jury room to deliberate over the merits of this case. The Hospital's business judgment is not on trial in this action. Even if you believe Ms. Sepkowski's supervisors exercised poor or questionable business judgment in deciding to terminate Ms. Sepkowski' employment or if you feel you would have made different decisions under similar circumstances, you cannot find in favor of Ms. Sepkowski.

You must be persuaded that Ms. Sepkowski has proven, by a preponderance of the evidence, that the Hospital's explanations for its actions are actually a "pretext" for intentional and purposeful age discrimination. The law does not prohibit an employer from making employment decisions based on non-discriminatory reasons, no matter how subjective or unsound you believe the reasons or process may be. If you find that Hospital of Saint Raphael truthfully has the reason for deciding the employment action at issue, you must find for Hospital of Saint Raphael, even if you disagree with the Hospital's reason or action.

Your focus, as the trier of fact, must be on the Hospital's motivation, not on the Hospital's business judgment. In weighing the evidence and evaluating the motives of the Hospital, the law requires that the perception of Ms. Sepkowski's management as the decision maker must be given great weight. On the other hand, Ms. Sepkowski's opinion or perception are entitled to relatively little weight. She was not the decision-maker. The Hospital's business judgment is not subject to review.

The law does not authorize the Courts or juries to judge the wisdom of an employer's business decisions. Under the law, an employer has the right to make her own business decisions, so long as those decisions are not based on race and color. If you believe that Hospital of Saint Raphael's explanations for the employment decisions at issue are not pretexts to hide intentional and purposeful age discrimination, then the decision cannot be second-guessed, and you must find for Hospital of Saint Raphael. Keep in mind, that the only question before you is whether the employment decisions at issue were made because of Ms. Sepkowski's age.

Sources:    Furnco Construction Corporation v. Waters, 438 U.S. 567, 578 (1978).

Thornley v. Penton Publishing, Inc., 104 F.3d 26, 29 (2d Cir. 1997).

Tyler v. Bethlehem Steel Corp., 958 F.2d 1176 (2d Cir. 1992), cert. denied, 113 S. Ct. 82 (1992).

Parcinski v. Outlet Company, 673 F.2d 34, 37 (2d Cir. 1982), cert. denied, 459 U.S. 1103 (1983).

Halbrook v. Riechhold Chemicals, Inc., 735 F. Supp. 121, 124 (S.D.N.Y. 1990).

Morser v. AT&T Information Systems, 703 F. Supp. 1072, 1083 (S.D.N.Y 1989) ["Plaintiff's] own belief that she was qualified... 'carries little weight'.") (Citations omitted).

Grant v. Morgan Guaranty Trust Company of New York, 638 F. Supp. 1528, 1538 (S.D.N.Y. 1986).

Rosengarten v. J.C. Penney Co., Inc., 605 F. Supp. 154, 157 (E.D.N.Y. 1985) ("It is the perception of the decision-maker, and not that of the plaintiff, himself, which is relevant.").

EEOC v. Trans World Airlines, Inc., 544 F. Supp. 1187, 1219 (S.D.N.Y. 1982) (["W]ith respect to proof of the claimant's qualifications either to fill the position sought...the testimony of the employee himself carries little weight...the most probative evidence of qualifications comes from the decision-maker...").

Kephart v. Institute of Gas Technology, 630 F.2d 1217, 1223 (7th Cir. 1980), cert. denied, 450 U.S. 959 (1981) ("The question before the court is not whether the company's methods were sound, or whether its dismissal of [plaintiff] was an error of business judgment. The question is whether the given reason was a pretext for illegal discrimination.").

Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980) (["Plaintiff's] perception of himself, however, is not relevant. It is the perception of the decision-maker which is relevant.")

## **REQUEST TO CHARGE   16**

## **WILLFUL VIOLATION OF THE ADEA**

If you find that the Hospital violated the Age Discrimination in Employment Act, you must then determine whether the violation was willful.

A violation of the Age Discrimination in Employment Act is willful only if the employer knew or showed reckless disregard as to whether its conduct was prohibited by the law. What this means is that for you to find that a willful violation occurred, Ms. Sepkowski first must prove that age was a determining factor in the Hospital's decision and, in addition, either (1) that the Hospital knew that the actions were in violation of the law and did not care, or (2) that the Hospital did not care enough to find out whether its actions would be in violation of the law.

The term "willful violation" refers to conduct that is not merely negligent. A violation is not willful if the Hospital simply knew of the potential applicability of the Age Discrimination in Employment Act. If the Hospital acted unreasonably, but not recklessly, his act was not a willful violation. Finally, good faith cannot coexist with willfulness. Thus, if you find that the Hospital acted in good faith, the violation is not a willful one.

Source:        American Bar Association Section of Litigation Proposed Pattern Jury Instructions 1.12[10][a](1); McLaughlin v. Richland Shoe Company, 486 U.S. 128 (1988); Transworld Airlines v. Thurston, 469 U.S. 111, 128 (1985); Burns v. Texas City Refining, Inc., 890 F.2d 747, 750 (5th Cir. 1989), reh'g denied en banc, 896 F.2d 549 (5th Cir. 1990); Cooper v. Asplundh Tree, 836 F.2d 1544 (10th Cir. 1988); Uffelman v. Lone Star Steel Co., 863 F.2d 404, 410 (5th Cir.), cert. denied, 490 U.S. 1098 (1989); Guthrie v. J.C. Penney Company, 803 F.2d 202, 209 (5th Cir. 1986); Powell v. Rockwell International Corporation, 788 F.2d 279, 287 5th Cir. 1986); Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488 (9th Cir. 1986); 29 U.S.C. § 626(b).

## **REQUEST TO CHARGE  17**

## **ACTUAL BACKPAY / DAMAGE CALCULATIONS**

Since Ms. Sepkowski is claiming money damages in this case, I must discuss the law of damages with you.  However, you must not take this discussion to mean that Ms. Sepkowski is entitled to any money damages simply because I instruct you on the law of damages.

If you find that Hospital of Saint Raphael discriminated against Ms. Sepkowski, she would be entitled to money damages or backpay.  The sum she would be entitled to will be what wages she would have earned and any benefits she would have received, if she had not been discriminated against - minus all income and benefits she actually received since the time her employment was terminated and income she could have earned with reasonable diligence.

It is Ms. Sepkowski's burden to prove each element and item of damage relating to monies she claims she would have received had her employment not been terminated. It is not Hospital of Saint Raphael's burden to disprove them.

Damages cannot be based on mere speculation.  They must be grounded in fact and must be reasonable.  Therefore, Ms. Sepkowski must introduce evidence of the effect of the alleged discrimination upon her.

Sources:     Carey v. Piphus, 435 U.S. 247 (1978) ("an award of damages must be supported by competent evidence concerning the injury").
Annis v. County of Westchester, 136 F.3d 239, 249 (2d Cir. 1998).
Patramale v. Local No. 17, 847 F.2d 1009 (2d Cir. 1988) (plaintiffs cannot rely solely on "self-interested testimony" of emotional distress).
Schanzer v. United Technologies Corp., 120 F. Supp. 2d 200, 217-218  (D. Conn. 2000) (citing Buckman v. People Express, Inc., 205 Conn. 166, 175, 530 A.2d 596 (1987) (remitting award where plaintiff failed to introduce proof of permanent injury).

## REQUEST TO CHARGE   18

## COMPENSATORY DAMAGES - SUBJECTIVE INJURY
## INSUFFICIENT WITHOUT COMPETENT EVIDENCE

To be entitled to an award of compensatory damages (i.e., pain and suffering) in this case, Ms. Sepkowski must produce direct objective evidence that she incurred identifiable pain and suffering as a direct result of Hospital of Saint Raphael's.   It is Ms. Sepkowski's burden to prove the nature, extent and severity of her emotional injury, not the Hospital's burden to disprove it.  Factors which may be considered in determining the nature, extent and severity of Ms. Sepkowski's emotional injury include whether: Ms. Sepkowski sought treatment for her alleged emotional distress, whether she has corroborated her claims of emotional injury with any other evidence, such as medical records or testimony, whether she suffered from "identifiable symptoms" as a result of her alleged emotional injury and whether she introduced evidence that her injury is permanent in nature.   Finally, Ms. Sepkowski must prove that she incurred pain or suffering because of the Hospital's alleged conduct, rather than any other reasons.

If you find that Ms. Sepkowski has proven objective and direct evidence that she incurred pain or suffering because of Hospital of Saint Raphael's alleged conduct, rather than any other reasons, you then must determine what amount, if any, is appropriate.  On the other hand, if you find that Ms. Sepkowski has not produced objective evidence that she suffered from "identifiable symptoms" as a direct result of Hospital of Saint Raphael's alleged conduct, then Ms. Sepkowski is not entitled to compensatory damages.

Sources:     Carey v. Piphus, 435 U.S. 247 (1978) ("an award of damages must be supported by competent evidence concerning the injury").
Patramale v. Local No. 17, 847 F.2d 1009 (2d Cir. 1988)(plaintiffs cannot rely solely on "self-interested testimony" of emotional distress).

McKenna v. Pacific Rail Service, 32 F.3d 820, 833-834 (3rd Cir. 1994).

Bushman v. Halm, 798 F.2d 651, 659 (3rd Cir. 1986).

Kelly v. Borwegen, 95 N.J. Super. 240, 243-244, 230 A.2d 532, 534 (N.J. Super. Ct. App. Div. 1967).

## REQUEST TO CHARGE 19

## COMPENSATORY DAMAGES -
## NATURE OF DISCRIMINATION ITSELF IS INSUFFICIENT

Additionally, as to Ms. Sepkowski's claims, there must be evidence of how Hospital of Saint Raphael's conduct affected Ms. Sepkowski. That is, there must be evidence of the effect of the alleged discrimination upon Ms. Sepkowski as to the nature, duration and severity or consequences of the discrimination. Ms. Sepkowski may establish mental anguish by some form of evidence which corroborates her testimony. If Ms. Sepkowski is unable to corroborate her testimony, she is not entitled to damages for mental anguish.

I instruct you that you should consider only the evidence which was presented to you during the trial on the question of damages. The burden is on Ms. Sepkowski to establish, by a preponderance of the evidence, the damages she has suffered. Damages cannot be speculative and must be reasonable.

Sources:    Carey v. Piphus, 435 U.S. 247 (1978) ("an award of damages must be supported by competent evidence concerning the injury").
Patramale v. Local No. 17, 847 F.2d 1009 (2d Cir. 1988) (plaintiffs cannot rely solely on "self-interested testimony" of emotional distress).
McKenna v. Pacific Rail Service, 32 F.2d 820, 833-834 (3rd Cir. 1994).

### REQUEST TO CHARGE   20

### SYMPATHY

The Court cautions you to guard against appeals to your sympathy when assessing these cases. The Court instructs you that any perceived lack of fairness toward Ms. Sepkowski does not equal race-based discrimination. You are instructed to make your decision as to the appropriate amount of damages, if any, based upon the evidence presented and not on the basis of any sympathy you may feel for Ms. Sepkowski. If you find that the Hospital intentionally discriminated against Ms. Sepkowski because of her age, you should assess as damages the amount you find justified by the preponderance of the evidence, no more and no less.  If, on the other hand, you find that the Hospital did not discriminate against Ms. Sepkowski on the basis of her age, then you should find in favor of Hospital of Saint Raphael and not assess damages against it.  Under no circumstances should you let your sympathy affect your consideration of the law and the evidence.  Likewise, it is not part of your function as jurors to punish Hospital of Saint Raphael or to be generous to Ms. Sepkowski.

Source:    ABA Section of Litigation Pattern Jury Instructions 1.12[1](2).

## REQUEST TO CHARGE  21

## ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things in the evidence in the case.

Source:    Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (4th Ed.) §72.01 (4th ed. 1987).

## REQUEST TO CHARGE  22

## COURT HAS NO OPINION

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find.  The verdict shall be your sole and exclusive duty and responsibility.

Source:     Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §74.07 (4th ed. 1987).

29

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LOUISE SEPKOWSKI                    :

VS.                                 :        NO. 3:02CV2025(TPS)

HOSPITAL OF ST. RAPHAEL             :        OCTOBER 15, 2003

### PLAINTIFF'S REQUESTS TO CHARGE

The plaintiff respectfully requests the court to charge the jury as follows:

1. To prevail on a claim of intentional discrimination, the plaintiff must

prove by a preponderance of the evidence, either directly or indirectly, that there

is evidence of intentional discrimination.  Direct evidence would include oral or

written statements showing a discriminatory motivation for the defendant's

treatment of her.  Indirect or circumstantial evidence would include proof of a set

of circumstances that would allow one reasonably to believe that age was a

motivating factor in the defendants' treatment of the plaintiff.  [McDonnell

Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Community Affairs

v. Burdine, 450 U.S. 248 (1981); Devitt, Blackmar and Wolff, Federal Jury

Practice and Instructions § 104.03.]

2.  The plaintiff is entitled to prevail in this case if she shows that discrimination was a motivating -- as opposed to determining -- factor in the challenged employment decisions or any one of them.  [Devitt, etc., § 104.03.]

3.  Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiff's membership in a protected class was a factor in the defendant's adverse employment decision.  [Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).]

4.  To establish discrimination in failing to retain the plaintiff in a position for which she was qualified by using indirect evidence, the plaintiff must prove what is called a prima facie case of age discrimination.  To establish a prima facie case, the plaintiff must prove each of the following elements by a preponderance of the evidence:  (1) that she was a member of a protected group; (2) that she held or sought and was qualified for the position in question; (3) that in fact the position in question was open or already was held by her; (4) that despite her qualifications she was rejected or terminated; (5) that subsequently either the position remained open or the employer awarded it to a person who was not a member of the protected class.  [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Legrand v. Trustees of University of Arkansas, 821 F.2d 478 (8th Cir. 1987), cert. denied, 485 U.S. 1034 (1988); Blackwell v. Sun Electric Corp., 696 F.2d 1176 (6th Cir. 1983); Cockrham v. South Central Bell Telephone Co., 695 F.2d 143 (5th Cir. 1983); Meiri v. Dacon,

759 F.2d 989 (2d Cir.), cert. denied, 474 U.S. 829 (1985); Geisler v. Folsom, 735

F.2d 991 (6th Cir. 1984); Robinson v. Arkansas State Highway & Transportation

Commission, 698 F.2d 957 (8th Cir. 1983); Lerma v. Bolger, 689 F.2d 589 (5th

Cir. 1982).]

    5.  It is necessary only that the plaintiff prove that the defendant in fact

took some adverse employment action against her and that her protected status

(age or gender) was a factor which played a part in the defendant's decision; in

other words, that the defendant had a discriminatory purpose or motive.  [Estes

v. Dick Smith Ford, Inc., 856 F.2d 1097, 1101 (8th Cir. 1988).]

    6.  If you determine that the defendant discriminated against the plaintiff,

then you must determine the amount of damages that she has suffered as a

result.  You may award as actual damages an amount that reasonably

compensates the plaintiff for any lost wages and benefits, taking into

consideration any increases in salary and benefits, including pension, that she

would have received had she not been discriminated against.  Basically, you

have the ability to make the plaintiff whole for any wages or other benefits that

she has lost as a result of the discrimination against her.  [Lorillard v. Pons, 434

U.S. 575 (1978); Faris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Blum

v. Western Electric Co., 731 F.2d 1473 (10th Cir. 1984); Devitt, etc., supra, §§

104.06, 104A.11.]

7. You shall also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that the plaintiff would have earned had she not been discriminated against for that period from the date of your verdict until the date when she would have voluntarily retired. [Maxfield v. Sinclair International, 766 F.2d 788 (3d Cir. 1985); Blum v. Witco Chemical Corp., 829 F.2d 367 (3d Cir. 1987); Devitt, etc., supra, §§ 104.05, 104.06, 104A.11.]

8. The plaintiff has alleged that, as a result of the defendants' intentional discrimination, she has suffered mental anguish, inconvenience and humiliation. The plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence.  If you determine that the plaintiff has proven by a preponderance of the evidence that she has experienced mental anguish, inconvenience or humiliation, you may award her damages for those injuries.  No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence.  No exact standard exists for fixing the compensation to be awarded for these elements of damages.  The damages that you award must be fair compensation -- no more and no less. When considering the amount of monetary damages to which the plaintiff may be entitled, you should consider the nature, character, and seriousness of any mental anguish, inconvenience or humiliation she felt.  You must also consider its extent or duration, as any award you make must cover the damages endured

by the plaintiff since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that Ms. Sepkowski's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.  [Devitt, etc., supra, §§ 104.05, 104.06, 104A.11; Adams v. Doehler-Harvis, 144 Mich. App. 764 (1985); Freeman v. Kelvinator, Inc., 569 F. Supp. 999 (E.D. Mich. 1979); Slayton v. Michigan Host, Inc., 122 Mich. App. 411, 332 N.W.2d 498 (1983); Riethmiller v. Blue Cross, 151 Mich. App. 188, 390 N.W.2d 227 (1986).]

9.  In addition to the claims for damages already mentioned, you should consider whether the plaintiff is entitled to punitive damages.  These are awarded as a punishment of a defendant and as a warning to others to keep them from following the defendant's example.  You may award these damages if you determine by a preponderance of the evidence that one or more of the defendant's acts were done with either (1) actual malice, which is nothing more nor less than intentional wrongdoing, or (2) a wanton and willful disregard for the rights of another, in other words, a deliberate act taken with knowledge that it probably will harm another and with reckless indifference to the consequences -- or, as one court has said, just not giving a damn.  If you determine that the facts justify an award of punitive damages, you should try to determine a fair, just, and reasonable amount for the plaintiff under all the circumstances.  Punitive damages are not intended to compensate a plaintiff for injuries but rather are

intended to punish the defendant and to prevent similar conduct in the future. Thus, if you award these damages, you should consider the net worth of the institution which will pay these damages and the impact on that institution of paying that award. Punitive damages must bear a reasonable relationship to the plaintiff's actual injury. However, no single numerical equation has been made to easily link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include: (1) the impact or severity of the defendant's conduct; (2) the amount of time the defendant conducted itself or himself in this manner; (3) the amount of compensatory damages; (4) the potential profit the defendant may have obtained from the wrongful conduct; (5) the attitudes and actions of the defendant's top management, after the misconduct was discovered; (6) the effect of the damages award on the defendant's financial condition; and (7) any punishment the defendant may have shown it is expected to receive from other sources. [Levinson v. Prentice-Hall, Inc., 868 F.2d 558 (3d Cir. 1989); Brown v. M&M/Mars, 883 F.2d 505 (7th Cir. 1989); Knights Bridge Marketing Services, Inc. v. Promociones Proyectos, S.A., 728 F.2d 572 (1st Cir. 1984); Stanojev v. Ebasco Services, Inc., 643 F.2d 914, 924 n.7 (2d Cir. 1981); Nation-Wide Check Corp., Inc. v. Forest Hills Distributors, 692 F.2d 214 (1st Cir. 1982); Hicks v. Gates Rubber Co., 833 F.ed 1406, 1419 (10th Cir. 1987); Benjamin v. United Merchants & Manufacturers, Inc., 873 F.2d 44 (2d Cir. 1989); Dominic v.

Consolidated Edison of New York, 822 F.2d 1249 (2d Cir. 1987); Rose v. Hearst

Magazine Division, 814 F.2d 491 (7th Cir. 1987); Burns v. Texas Refining, Inc.,

890 F.2d 747 (5th Cir. 1989); Conway v. ElectroSwitch Corp., 825 F.2d 593, 597

(1st Cir. 1987); Berbraecken v. Westinghouse Electric, 881 F.2d 1041 (11th Cir.

1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Devitt, etc.,

supra, §§ 104.07, 104A.12.]

        10.  Under the Age Discrimination in Employment Act, an employer may

not discriminate against an employee who is over the age of forty because of

that employee's age.  That means that, in most circumstances, an employer may

not treat an employee over the age of forty differently because of the employee's

age with respect to the terms and conditions of employment, such as hiring,

transfer, promotion, reassignment, or discharge.  The Age Discrimination in

Employment Act does not require an employer to give special treatment to

employees who are over the age of forty.  Rather, the age of an employee is

accorded neutral status under the law.  [Parcinski v. Outlet Co., 673 F.2d 34, 37

(2d Cir. 1982), cert. denied, 450 U.S. 1103 (1983); Williams v. General Motors

Corp., 656 F.2d 120, 129 (5th Cir. 1981), cert. denied, 455 U.S. 943 (1982).]

        11.  A plaintiff may establish a case of age discrimination without direct

evidence of discrimination by means of indirect evidence if that evidence is

sufficient to prove by a preponderance of the evidence that the plaintiff's age was

a motivating factor in the defendant's decision or decisions.  The first step in

such a case is for you to determine whether the plaintiff has established each element of her prima facia cas.  More specifically, she must prove each of the following elements by a preponderance of the evidence:  (1) that she was within the protected age category, that is, that she was over forty years of age; (2) that her performance met the expectations of the employer at the time of the adverse employment decision; (3) that she suffered from an adverse employment decision, that is, the termination of her employment; and (4) that the defendant assigned someone else with similar or lesser qualifications to perform the work. [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Devitt, etc., supra, § 106.03.]

12.  If the defendant satisfies its burden of proving the existence of a nondiscriminatory reason for the challenged action, the plaintiff still is entitled to prevail in this action if she persuades you, by a preponderance of the evidence, that the reason or reasons offered by the defendant for the challenged action are (1) only a pretext or cover-up for what, in truth, was a discriminatory purpose; **or** (2) that the discriminatory reason more likely than not motivated the defendant. If the plaintiff has persuaded you of this, then you must decide in her favor. [Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097 (2000);  Levin v. Analysis & Technology, Inc., 960 F.2d 314 (2d Cir. 1992); Medina-Munoz v. R. J. Reynolds Co., 896 F.2d 5 (1st Cir. 1990).]

13. You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's age and also by other lawful reasons. If you find that the plaintiff's age was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. However, if you find that the defendant's treatment of the plaintiff was motivated by both age and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if the plaintiff's age had played no role in the employment decision. [Desert Palace, Inc. v. Costa, 123 S. CT. 2148, 2152 (2003)]